# Black et al. *v.* Harrison, Appellant.

*Real estate—Building restrictions—Garage—Equity—Injunction.*

Where a deed to a lot which faced on two streets contained a building restriction prohibiting the construction of a garage nearer the street lines than the distances specified therein, the erection of a garage thereon, contrary to such restriction, will be enjoined, where the injury caused thereby would be clear and substantial.

The defendant cannot justify the building of the garage on the ground of necessity, because the restrictions almost overlap and thus prevent the erection of the garage separate and distinct from the house. The clear and unequivocal language of the restriction cannot be nullified to suit the defendant's convenience.

Argued December 8, 1925. Appeal No. 207, October T., 1925, by defendant, from the decree of C. P. Montgomery County, June T., 1923, No. 8, sitting in equity, in the case of Bertha Black, Surviving Executrix and Trustee under the Will of Charles W. Black, Deceased; Bertha Black, Surviving Executrix and Trustee under the Will of Elizabeth C. Black, Deceased, and Charles E. Wolbert, v. Fannie Harrison. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Bill in equity for an injunction to compel the removal of a garage which defendant had erected on the premises in alleged violation of a certain building restriction. Before MILLER, P. J.

The facts are stated in the opinion of the Superior Court.

The court ordered the garage removed. Defendant appealed.

*Error assigned* was, among others, the order of the court.

*Aaron S. Swartz, Jr.,* and with him *John M. Dettra* and *Samuel H. High,* for appellant.

*Eldred J. Pennell,* for appellee.

OPINION BY KELLER, J., February 26, 1926:

Defendant appeals from a decree enjoining her from completing the erection of a garage on her lot in Bryn Mawr, Lower Merion Township, nearer to the street line of County Line Road than the building restriction in her deed permits, and requiring the removal of said garage. Her lot faces on two streets, Pennsylvania Avenue and County Line Road. These streets are not parallel; County Line Road extends in a straight line, while Pennsylvania Avenue makes a sharp curve, converging towards County Line Road and then swinging away again. Defendant's lot is located at the nearest point of convergence; being 192 84/100 feet deep (from center line to center line) at its shallowest point, and 202 96/100 feet at its widest.

The section is a residence district, with building restrictions on both streets which were incorporated into defendant's deed, and provided that no stable, garage or other outbuildings should be erected upon the said lot within 110 feet from the center line of Pennsylvania Avenue nor within 65 feet from the northwest side line of County Line Road.

Defendant built her house fronting on Pennsylvania Avenue and began the erection of a building-block garage fronting on County Line Road and only 11½ feet from the northwest line of said street.

She attempts to justify her action on the ground of necessity—that the deed contemplates the erection of a garage, and the restrictions are such as almost to overlap, and thus prevent the erection of a garage separate and distinct from the house. County Line Road is 33 feet wide, and a restriction of 65 feet from the street line is equivalent to 81½ feet from the center line, leaving only 11 46/100 feet at the deepest point for the construction of the garage, which is admittedly insufficient.

But the deed does not necessarily contemplate a garage as an outbuilding or separate from the house, and the clear and unequivocal language of the restriction cannot be nullified to suit the defendant's convenience. It frequently happens that a corner lot is subject to building restrictions on both streets, of such a character as absolutely to preclude any building upon it except in connection with the adjoining lot, but that does not justify a violation of the restrictions.

As respects the mandatory feature of the injunction, the injury caused by this construction to the neighboring properties fronting on County Line Road has been found by the court to be clear and substantial. The plan offered in evidence establishes its substantial character, and that it is not slight nor fanciful. The court has also found that the plaintiffs acted with reasonable diligence upon learning of the violation of the restriction and were not guilty of laches; and the finding is supported by evidence, and will not be disturbed. In view of these findings a decree requiring the removal of the offending structure was fully justified.

The findings of fact assigned for error are supported by the evidence and sustain the conclusions of law and decree of the court.

The decree is affirmed at the costs of the appellant.